**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071
Tel 213.229.7000
gibsondunn.com

Christopher Chorba
Direct: +1 213.229.7396
Fax: +1 213.229.6396
CChorba@gibsondunn.com

December 30, 2023

VIA ELECTRONIC FILING

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

Re:  *Keebaugh, et al. v. Warner Bros. Entertainment Inc.*, Case No. 22-55982
     Argument Set for January 12, 2024

Dear Ms. Dwyer:

Warner Bros. responds to Plaintiffs' submission of *In re StubHub Refund Litig.*, 2023 WL 5092759 (9th Cir. Aug. 9, 2023), and *Lopez v. Dave, Inc.*, 2023 WL 8594393 (9th Cir. Dec. 12, 2023), as supplemental authorities under FRAP 28(j).

Both decisions applied this Court's settled two-part test for inquiry notice from *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849 (9th Cir. 2022), and *Oberstein v. Live Nation Entertainment, Inc.*, 60 F.4th 505 (9th Cir. 2023). Both decisions focused on the visual conspicuousness of the terms. And neither decision supports the district court's requirement of a "formal sign-up process" for contract formation, 1-ER-13, or Plaintiffs' focus on "immediate financial payment," AB-27–28. On the contrary, *StubHub* held that "[t]he fact that [certain] Plaintiffs signed into StubHub days, or even months, prior to purchasing their tickets d[id] not change [the] conclusion" that they had formed a contract. 2023 WL 5092759, at *2.

The sign-in screen in *Game of Thrones: Conquest* also compares favorably to the sign-in screens in *StubHub* and *Lopez*.

- In *StubHub*, the website provided conspicuous notice of terms because the hyperlink was clearly denoted and "in close proximity to the sign-in button." 2023 WL 5092759, at *1. The mobile version, conversely, did not provide conspicuous notice because the gray-text disclosure of terms did "not stand out against the white background" and the "bright pink sign-up button obscures the muted color of the relevant text providing notice." *Id.* at *2.

# GIBSON DUNN

Molly C. Dwyer
December 30, 2023
Page 2

- In *Lopez*, the screen likewise placed a light gray disclosure of terms on a white background and did not clearly denote the hyperlink. 2023 WL 8594393, at *1; *see Lopez v. Dave Inc.*, 2022 WL 17089824, at *2 (N.D. Cal. Nov. 21, 2022) (reproducing sign-in screen).

- Here, in contrast, the sign-in screen clearly denoted the hyperlink as a clickable button, placed the disclosure and hyperlink in close proximity to the sign-in button, and used a high-contrast white font against a solid black background for the disclosure of terms that was not obscured by the blue sign-in button. OB-26.

In short, *StubHub* and *Lopez* underscore the errors in the decision below.

Respectfully submitted,

*/s/ Christopher Chorba*

Christopher Chorba
GIBSON, DUNN & CRUTCHER LLP
*Counsel for Defendant-Appellant*
*Warner Bros. Entertainment Inc.*

cc:   All counsel of record (via ECF)